UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DOUGLAS RAY WILLISON,

        Defendant .
_____/

No. 1:09-CR-232

Hon. Robert Holmes Bell
     District Judge

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
### TO REVEAL CONFIDENTIAL INFORMANT

The United States of America, by and through Donald A. Davis, United States Attorney for the Western District of Michigan and Mark V. Courtade, Assistant United States Attorney, files its Response to the Defendant's Motion to Reveal Confidential Informant, and states as follows:

1. The defendant has sought to discover information about a confidential informant used by the government in the investigation of this case. The United States respectfully declines to name, identify or state the whereabouts of any informer who gave information leading to the seizure of evidence from or the arrest of the defendant; the defendant is not entitled to this information.

2. The government may not call the confidential informant as a witness during its case-in-chief at the trial of this defendant. The defendant is not entitled to discover the identity of non-witnesses.

3. No confidential informant was present at the of the search or when the defendant was arrested.

4. This response is supported by the brief below.

1

For the reasons stated above, the defendant's Motion for Disclosure of Identity should be denied.

BRIEF IN RESPONSE

The United States respectfully declines to name, identify or state the whereabouts of any informer who gave information leading to the seizure of evidence in this case. There was no police informant present at the time of the seizure of evidence in this case or at the arrest of the defendant. The Defendant has failed to demonstrate a need for the disclosure he seeks.

There is no general constitutional right to discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The general rule is that a "defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993) (citing Fed. R. Crim P. 16) "[T]he United States is generally under no duty to provide the statement of a government witness until that witness has testified on direct examination in the case." United States v. Carter, 621 F.2d 238, 240 (6th Cir 1980).

The government enjoys the privilege of withholding the identities of persons who provide information concerning violations of the law. United States v. Dexta, 136 Fed.Appx 895 (6th Cir. 2005). "It is well-established that the government is privileged not to reveal the identity of informants, See Rovario v. U.S. 353 U.S. 53, 55, 77 S.Ct. 623, 1 L.Ed2d 639 (1957), and thus a defendant bears the burden of showing how disclosure of an informant's identity would substantively assist his defense." United States v. Hudson, 325 Fed. Appx. 423, 426 (6th Cir 2009). Whenever an informant is scheduled to testify at trial, the defense is not entitled to the identity of the informant prior to trial. An informant is treated like any other government witness and disclosure of the informant's identity is not governed by Roviaro v. United States, 353 U.S. 53 (1957). See United States v. Perkins, 994 F.2d 1184

(6th Cir. 1993).  Thus, it is clear that the defendant is not entitled to information concerning an informant merely because he demands it.

The Defendant's stated reason for needing discovery is that "the informants will provide information that may lead to discoverable information."  This statement, which is based upon pure conjecture, is wholly insufficient to require a waiver of the government's informant privilege. To compel discovery of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense.  "Mere invocation of (one's due process rights) does not automatically outweigh the public interest in protecting confidential informants." United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992).  Disclosure has usually been denied where the informant is not a participant, but a mere tipster or introducer.  United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985).  Moreover, if, as in the instant case,  the evidence was obtained personally by the government agent who will testify, disclosure is not required.  United States v. Jenkins, 4 F.3d 1338, 1341 (6th Cir. 1993).  In the instant case, the informant was in Pennsylvania, not Michigan, at the time of the police interdiction of the Defendant and his load of marijuana.  The informant was not present nor was he/she in contact with Michigan agents as they were following leads he/she had previously provided to Pennsylvania authorities.  See Also  United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968) (Defendant not entitled to identity of informant who merely furnished tip which helped police officers obtain a warrant.)

In seeking the identity of a government informant, the defendant bears the burden of showing how disclosure of the informant's identity would substantively assist his defense. Moore, 954 F.2d at  381.  "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."  Sharp, 778 F.2d at 1187. A defendant bears a substantial burden of establishing a need to discover an informant's identity and that need must clearly outweigh the informant privilege.

> The Sixth Amendment does not require the government to call every witness competent to testify, including special agents or informers. *U.S. v. Craig*, 477 F.2d 129 (6th Cir. 1973). If the evidence upon which a defendant is convicted was secured personally by government agents who testified, the government is not required to produce the cooperating individual. *Id.* at 131. . .
>
> Further, with respect to compelling production of confidential informants, the Supreme Court has made it clear that "no fixed rule with respect to disclosure is justifiable." *Roviaro v. U.S.*, 353 U.S. 53. . .. The court "must balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense. . . Mere invocation of this right does not automatically outweigh the public interest in protecting informants. *Taylor v. Illinois, 484 U.S. 400. . .* An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial. *U.S. v. Hanna*, 341 F.2d 906, 908 (6th Cir. 1965)

Moore, 954 F.2d at 381.

To the extent that the defendant seeks the identity of a non-witness, the government has "no duty to provide defense counsel with unlimited discovery of everything known to the prosecutor." United States v. Agurs, 427 U.S. 97, 106 (1976). A discovery request must be based on some recognized principal. The defendant may not rely on the *Jencks Act*, as no *production* is required until the witness testifies at trial. United States v. Algie, 667 F.2d 569, 5171 (6th Cir. 1972). In the United States Attorney's Office's view, Rule 16 of the Federal Rules of Criminal Procedure is of no assistance either. The alleged right to discover the identity and statements of persons who will not testify at trial was decided in United States v. Carter, 621 F.2d 238 (6th Cir. 1980). The Court in Carter ruled that the *Jencks Act* imposes no duty until a witness testifies, and that "Rule 16(a)(1)(A) has never been held to provide a broader basis for discovery than 18 U.S.C. § 3500." Id. at 240.

Additionally, the government need not disclose the identity of an informant who merely introduces a government agent to a defendant or who merely sets the stage for the defendant's arrest. United States v. Sims, 975 F.2d 1225 (6th Cir. 1992). In the instant case, the confidential informant, in Pennsylvania, provided information to authorities in that

state that the Defendant would be bringing a load of marijuana to Michigan and selling it to persons in Michigan, Ohio and Indiana.  The informant had been in contact with the Defendant and knew how the Defendant was shipping it and the vehicle he would be using to transport it.  This is the reason that the police were looking for the Defendant. Testimony by case agents explaining what they knew and why they were looking for the defendant is permissible.  "Testimony 'provided merely by way of background,' or to explain simply why the Government commenced an investigation, is not offered for the truth of the matter asserted and, therefore, does not violate a defendant's Sixth Amendment rights."  United States v. Powers, 500 F.3d 500, 508 (6th Cir. 2007).  Thus, the government does no even need to call the informant to testify to introduce some information imparted by him/her to law enforcement authorities.  For this reason, there is even less of a "need" for the Defendant to know the identity of the informant.

The Sixth Circuit has previously recognized that the public interest in non-disclosure is especially important in the enforcement of narcotic laws because such transactions do not typically involve a complaining witness. See United States v. Lloyd, 400 F.2d 414, 415 (6th Cir.1968).

For all the foregoing reasons, the defendant's motion should be denied.

                                        Respectfully submitted,

                                        DONALD A. DAVIS  
                                        United States Attorney

Dated: August 27, 2010                      /s/ Mark V. Courtade  
                                        MARK V. COURTADE (P32666)  
                                        Assistant United States Attorney  
                                        P.O. Box 208  
                                        Grand Rapids, Michigan  49501  
                                        (616) 456-2404